**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHRISTIANA L. BROWN,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **CENTENE MANAGEMENT** | § | |
| **COMPANY, LLC,** | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, CHRISTIANA L. BROWN (hereinafter referred to as "Brown" or "Plaintiff") and complaining of CENTENE MANAGEMENT COMPANY, LLC (hereinafter referred to as "Centene" or "Defendant") and for cause of action would respectfully show the Court as follows:

### I.   INTRODUCTION

1.      Plaintiff demands a jury trial in this case as to any and all issues triable to a jury.

2.      Plaintiff files this action against Defendant for its disability and age discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101 et seq. and Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., respectively as well as retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e-2 et seq.

3.      As a direct result of Defendant's actions, Plaintiff has suffered damages. Thus, by way of this lawsuit, Plaintiff seeks to recover damages caused by Defendant, including, but not

1

limited to, back pay, front pay, lost benefits, reinstatement, compensatory damages, punitive damages, reasonable attorneys' fees, and costs relating to this lawsuit.

## II.    PARTIES

4.    Plaintiff Christiana L. Brown is an individual residing in Harris County, Texas.

5.    Defendant Centene Management Company, LLC is a foreign limited liability company authorized to do business in the state of Texas. Defendant can be served with process by serving its Registered Agent CT Corporation System, located at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## III.    JURISDICTION & VENUE

6.    This Court has federal jurisdiction over this action pursuant to 28 U.C.C. §1331 as this case is brought under the Americans with Disabilities Act, the Age Discrimination in Employment Act, and Title VII of the Civil Rights Act of 1964.

7.    This Court has personal jurisdiction over Defendant because it is qualified to do business in Texas, including being registered with the Texas Secretary of State. Additionally, during all relevant time periods identified in this lawsuit, Defendant has performed and continues to regularly conduct business in within this district in Texas. As such, personal jurisdiction over Defendant in this Court would not offend traditional notions of fair play and substantial justice.

8.    Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this Court because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## IV.    CONDITIONS PRECEDENT

9.    Plaintiff timely filed her Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") on May 27, 2025. On May 26, 2026, the EEOC sent Plaintiff

a Notice of Right to Sue. Plaintiff files this within ninety (90) days after receiving the EEOC's notice of Right to Sue.

## V.    FACTS

10.    Christina Brown is a highly qualified project management professional who was employed by Centene for approximately four and a half years, from 2021 through May 2025.

11.    Brown began her employment with Centene in 2021 as a Project Manager Level III. Based on her strong performance and demonstrated skill, she was promoted to Project Manager Level IV in 2023. Throughout her tenure with Defendant, Brown maintained no disciplinary history of any kind prior to the events described herein.

12.    Brown was 62 years old when the discrimination at issue began and 63 years old at the time of her termination. Additionally, Defendant is aware that Brown is hearing impaired, as she wears a hearing aid.

13.    During all times relevant, Brown was by far the oldest of the six Project Managers on her team. The next oldest colleague was in her early 50s, followed by colleagues in their 40s, early 30s, and two in their 20s.

14.    In or around April 2024, Katie Botsford, who was approximately 29 years old at the time, became Brown's direct supervisor. From the outset of her supervision, Botsford singled Brown out and targeted her with hostility and harassment, while not treating Plaintiff's younger colleagues similarly.

15.    Botsford unnecessarily criticized all of Brown's work, held her responsible for errors entirely outside her control, and subjected her to an unreasonable level of scrutiny that no similarly situated younger Project Manager was required to endure. On information and belief,

3

Botsford did not subject Brown's younger peers to the same level of criticism, micromanagement, or adverse treatment that Brown experienced.

16.    Botsford also sent Brown medical leave information while not sending similar correspondence to younger team members when they took leave, further demonstrating unequal treatment based on age.

17.    In or about October 2024, Brown reported Botsford's harassment to Human Resources. In November 2024, she then filed a formal internal complaint with Tiffany Gelmen in HR, reporting the hostile work environment and her belief that she was being targeted because of her age and disability. Gelmen dismissed Brown's concerns, characterizing the treatment as merely "coaching" and concluding that it did not warrant further action.

18.    On February 6, 2025, Botsford, acting together with Emily Seep in HR, issued Plaintiff a Performance Improvement Plan ("PIP"). The PIP was issued less than three months after Brown's protected HR complaint.

19.    The allegations contained in the PIP were either demonstrably false, attributed to Brown matters beyond her control, or were grossly taken out of context. Moreover, the PIP contained no measurable performance metrics by which Brown could demonstrate improvement, demonstrating that it was not a genuine corrective tool but a pretext for termination.

20.    In or around December 2024, Brown submitted a formal written rebuttal to the PIP. On March 20, 2025, she escalated her concerns to Centene's Ethics and Compliance department, explicitly notifying the company that she had filed a charge of discrimination with the EEOC. Centene was therefore on actual notice of Brown's protected activities.

21.    Shortly after Brown's Ethics and Compliance complaint, Centene extended her PIP to April 30, 2025. On May 5, 2025, just five days after the extended PIP deadline and

4

approximately six weeks after Brown's EEOC-related complaint to Ethics and Compliance, Centene terminated Brown's employment.

22. The stated reason for Brown's termination was performance. This rationale is directly contradicted by the fact that, even while subject to the PIP, Brown received a merit-based raise of 2.98% and an 8% performance bonus of $9,158.40, reflecting that Centene's own processes evaluated her performance as meeting or exceeding company standards.

23. Brown's position was posted on the Centene job board on March 24, 2025. This was two days after Brown notified Centene of her EEOC claim and one day before the original ending date of the PIP.  She was replaced by Jillian Shotwell, who was significantly younger and less qualified than Plaintiff.

24. Brown is hearing impaired and requires a hearing aid to communicate effectively. Her hearing impairment substantially limits one or more major life activities, including hearing and communicating, and constitutes a disability within the meaning of the ADA.

25. Upon observing that other members of her team were provided with transcription services for meetings—a reasonable and straightforward accommodation—Brown requested the same accommodation from Botsford. Botsford denied Brown's accommodation request outright, without engaging in any interactive process, seeking guidance from HR or Centene's ADA compliance personnel, or offering any alternative accommodation.

26. The refusal to provide Brown with a reasonable accommodation that was already being extended to her colleagues constitutes a failure to accommodate under the ADA, and further evidences the discriminatory animus that pervaded Brown's working conditions under Botsford's management

## VI. CAUSES OF ACTION

### A. Violation of the ADEA—Age Discrimination

27. Plaintiff hereby realleges and incorporates by reference the preceding paragraphs as though fully stated herein.

28. At all relevant times, Plaintiff belonged to a protected class because she was forty (40) years old or older. Specifically, at the time of her termination, Plaintiff was 63 years old.

29. As set forth above, Plaintiff was targeted for harassment, placed on an unfounded PIP, and wrongfully terminated before being replaced by someone significantly younger.

30. Defendant intentionally discriminated against Plaintiff because of her age with respect to his compensation, terms, conditions, and/or privileges of employment.

31. As a result of Defendant's unlawful conduct, Plaintiff suffered damages and continues to suffer harm. Thus, Plaintiff is entitled to all legal and equitable remedies available for Defendant's violation of Chapter 21 of the Texas Labor Code, including (but not limited to) lost earnings, lost benefits, other financial losses, punitive damages, attorneys' fees, and costs. Plaintiff has also suffered and continues to suffer impairment to his name and reputation, humiliation, embarrassment, emotional and physical distress, and mental anguish. The damages Plaintiff suffered due to Defendant's intentional unlawful actions are within the jurisdictional limits of this Court.

### B. Violation of the ADA—Disability Discrimination

32. Plaintiff incorporates the allegations in the preceding paragraphs as though fully stated herein.

33.     Defendant discriminated against Plaintiff by refusing to accommodate her disability, targeting her for harassment, placing her on an unfounded PIP, and terminating her employment.

34.     The actions described herein constitute a violation of the Americans with Disabilities Act ("ADA")

35.     As a result of Defendant's unlawful conduct, Plaintiff suffered damages and continues to suffer harm. Thus, Plaintiff is entitled to all legal and equitable remedies available for Defendant's violation of the ADA. This includes, but is not limited to, lost earnings, lost benefits, other financial losses, punitive damages, and attorneys' fees and costs. Plaintiff has suffered and continues to suffer impairment to his name and reputation, humiliation, embarrassment, emotional and physical distress, and mental anguish. The damages that Plaintiff has suffered due to Defendant's intentional unlawful actions are within the jurisdictional limits of this Court

**C.     Violation of Title VII—Retaliation**

36.     Plaintiff incorporates the allegations in the preceding paragraphs as though fully stated herein

37.     Plaintiff engaged in protected activities when she reported her supervisor's harassment and discrimination based on her age and disability and when she requested an accommodation for her disability.

38.     After these protected activity, an adverse action occurred. Specifically, Defendant refused to grant the accommodation, placed her on an unfounded PIP, and terminated her employment. There is a causal connection between Plaintiff's protected activities and these adverse actions as evidenced by the close timing between them.

39.     For the foregoing reasons, Defendant retaliated against Plaintiff in violation of Title VII.

40.     As a result of Defendant's retaliation, Plaintiff suffered damages. Thus, Plaintiff is entitled to all legal and equitable remedies available for Defendant's violation of Title VII, including (but not limited to) compensatory damages, attorneys' fees, and costs.

41.     As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including (but not limited to) lost earnings, lost benefits, and/or other financial loss (plus interest).

42.     As a further result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress and/or mental anguish

## VII.     DAMAGES

43.     As a direct and proximate result of the aforementioned acts, Plaintiff has suffered a loss of wages, past, present, and future, as well as compensatory damages including, but not limited to, emotional distress

## VIII.     JURY DEMAND

44.     Plaintiff hereby restates her demand for a trial by jury. As such, Plaintiff concurrently deposits the requisite jury fee.

## IX.     PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer herein, and upon final hearing, Plaintiff have judgment as follows:

a. Actual/compensatory damages;
b. General damages;
c. Special damages;
d. Equitable relief;

e.  Pre-judgment interest at the highest legal rate;

f.  Post-judgment interest at the highest legal rate until paid;

g.  Attorneys' fees;

h.  All costs of Court expended herein;

i.  Such other and further relief, at law or in equity, general or special, to which Christiana L. Brown may show herself to be justly entitled.

Respectfully submitted,

*/s/ Gregg M. Rosenberg*
Gregg M. Rosenberg
USDC SD/TX No.: 7325
Texas State Bar ID: 17268750
Rosenberg & Associates
3518 Travis Street, Suite 200
Houston, Texas 77002
Telephone No.: (713) 960-8300
Facsimile No.: (713) 621-6670
E-Mail: gregg@rosenberglaw.com
Attorney for Plaintiff